CHARLES J. BELL, administrator,

*v.*

SUSAN BIRD WHITE.

[Decided July 19th, 1909.]

1. Where the extent of a widow's claim to personal property under a will was doubtful, a family settlement entered into by all parties in interest who are of full age without fraud, would not be set aside because of alleged inadequacy of consideration in so far as it affected one of the parties.

2. A trustee named in a will was not disqualified to act because it was a foreign corporation.

On bill and answer.

*Mr. George Gilbert* and *Mr. Gilbert Collins,* for the complainant.

*Mr. Robert J. Bain,* for Emily White Sandford, Elizabeth White Reid and Edward L. White.

*Mr. Carl M. Herbert,* for J. Paul White.

STEVENS, V. C.

My difficulty in this case has been to understand what there is to decide. The questions propounded seem to be concluded by the agreement entered into. The case comes up for hearing on bill and answers. The answers admit the allegations of the bill; and this is as true of the answer of J. Paul White as it is of the other answers.

It appears that John H. White died on December 10th, 1907, leaving a will by which he bequeathed considerable personalty to his wife and children. The will is, in some respects, difficult to construe, and the widow and children—all of age—for the purpose of facilitating a settlement of the estate, joined in an

agreement dated March 24th, 1908, by which they undertook to divide the property on the basis of what they doubtless considered to be the real meaning of the testator. This agreement they re-affirmed with some modifications, grounded on the condition of the property and the extent to which it was liable for testator's debts, by a supplemental agreement dated April 15th, 1909. The administrator with the will annexed followed up this agreement, to which he is a party, by filing a bill on April 26th, and answers were filed on May 1st. The proceeding appears to be entirely amicable.

By his will testator gave the income arising from five hundred shares of Mergenthaler Linotype stock to his wife, and provided that the said stock or any portion of it remaining after her death was to revert to the estate for final distribution. The question arising on this bequest was whether the wife took a life estate or took absolutely. A gift of income without limitation as to continuance is a gift of principal. Does the provision providing for a reverter of the stock *or what remains of it* after the wife's death cut down her interest to a life interest, or is it without effect? Under the case of *Rodenfels* v. *Schumann, 45 N. J. Eq. (18 Stew.) 383,* the question is at least doubtful. There are some expressions in the will that may be thought to favor the one construction and other expressions that may be thought to sustain the other. Such being the situation, the parties came together and agreed that the wife should have a *life* interest merely, and that three of the children—Emily, Elizabeth and Edward—should take the remainder. It is said by the counsel of J. Paul White that this disposition is detrimental to Paul, the other child. So it may be (though even this is not free from doubt) if the widow took only a life estate. But Paul is of age, and signed both the original and the supplemental agreements, and does not object to either of them by his answer. There is no pretence that he has been the victim of fraud or dominating influence, and by the second agreement, at least, he undoubtedly secured an advantage. His legacy of other stock of the same company was not reduced in amount as were the legacies of the other children, because of the necessity of selling a part to pay debts. In this situation the remarks of Sir John Leach in

*Naylor* v. *Winch, 1 Sim. & S. 565,* appear to be exactly in point. Speaking of a similar situation, viz., that of a will construed by a subsequent agreement, he says: "Where a compromise of a doubtful claim is entered into fairly and with due deliberation and upon consideration, a court of justice cannot inquire into the supposed adequacy or inadequacy of the consideration. Where is it to find a scale for determining the true measure of adequacy? If a court is in such a case to be governed by its judicial opinion upon the rights of the parties, then to him who by that opinion is held to be entitled to the whole property no consideration can be really adequate which is less than the whole and no compromise can ever bind the successful claimant. It is for this reason and because I consider it to be wholly immaterial for the purpose of deciding upon the validity of the deed of compromise that I do not give any opinion upon the arguments by which the counsel for the plaintiff assert her claim. * * * It is enough to support this deed that there was a doubtful question and a compromise fairly and deliberately made upon consideration, and the actual rights of the parties (*i. e.,* under the will), whatever they might be, cannot affect the question."

Family settlements, fairly obtained, are always regarded with favor. *Stapilton* v. *Stapilton, 2 Lead. Cas. Eq.* \*920*; Hewitt* v. *Crane, 2 Halst. Ch. 171.*

This disposes of the first, second and third questions propounded by the bill.

As to the fourth question there seems to be no legal reason why the American Security and Trust Company, although it is a corporation of another state, may not act as trustee, the testator having named it as such. *Perry on Trusts,* §§ *42, 55; Meinertz-hagen* v. *Davis, 1 Coll. C. C. 335.* The question of its ability to take an oath is not involved.

As to the fifth question there can be no doubt that the will, in directing the trustee to hold the residuary estate for seven years from testator's death, and to hold the legacies to Paul until the happening of one or the other of the contingencies named therein, does not violate the rule against perpetuities. *Siedler* v. *Syms, 56 N. J. Eq. (11 Dick.) 275.*

Whether, as a matter of discretion, the trustee, being a foreign corporation, should be required to give security has not been discussed.